John C. Leonforte, J.
Landlords have brought these holdover proceedings based on a certificate of eviction issued by the Temporary State Housing Rent Commission permitting landlords to recover possession of the subject housing accommodation for the immediate purpose of demolishing the building of which this accommodation is part, and to erect a new building or structure containing a greater number of self-contained housing accommodations.
The tenant claims the protection of section 309 of the Military Law, and asserts that he is entitled to the three months’ stay provided therein.
At the outset section 309 of the Military Law is inapplicable to holdover proceedings since that section affects the rights of tenants in nonpayment of rent proceedings. In the case of Bronson v. Chamberlain (53 N. Y. S. 2d 172, 174) the court stated, “Furthermore, the provisions of the Soldiers’ and Sailors’ Civil Relief Act relative to noneviction relate to and are intended as a protection against eviction for nonpayment of rent.”
It must be noted further that even if section 309 applied to holdover proceedings, the tenant would not be entitled to the *169 protection therein contained. Subdivision 2 of that section provides that the stay of three months shall be given only if in the opinion of the court the ability of the tenant to pay the agreed rent is materially affected by reason of military service. The facts in this case show that the tenant earns $75 a week, that his wife earns $20 per week, and that the tenant receives a contribution from a daughter of $15 per week from the daughter’s earnings. In addition the tenant receives $15 to $20 from each serviceman every month. These are voluntary payments made by the servicemen, and it appears that no voluntary application has been made by the tenant for an allotment.
Under these circumstances, the tenant does not fall within the class of persons intended to be protected under section 309. Subdivision 1 thereof specifically provides that no eviction or distress shall be made during the period of military service in respect of any premises occupied chiefly for dwelling purposes by the wife, children, or other dependents of a person in military service, except upon leave of court, granted upon application therefore, or granted in any action or proceeding affecting the right of possession. It is the court’s opinion that the tenant could not be considered to be a dependent of the servicemen herein, and that he is therefore not entitled to the protection of the Soldiers’ and Sailors’ Civil Relief Act (U. S. Code, tit. 50, Appendix, § 501 et seq.).
Final order is therefore granted to landlord with a stay of the issuance of the warrant to and including September 15,1959.